## ATWOOD COTTON BREEDING FARMS v. FLOWERS.

No. 1216.

Court of Civil Appeals of Texas. Waco.

May 12, 1932.

Rehearing Denied May 26, 1932.

A. R. Stout, of Ennis, for appellant.

John B. McNamara, of Waco, for appellee.

BARCUS, J.

This is an appeal from an order of the trial court overruling appellant's plea of privilege. The only question involved is whether appellee filed his controverting affidavit within the time required by law. The suit was instituted on May 27, 1931. Citation was issued and served, returnable to the June term of court which convened June 8, 1931. The citation was not served within time to require appellant to answer to said term. On June 8th appellant filed its plea of privilege. On July 25, 1931, appellee filed his controverting affidavit and proper notice thereof was given, and thereafter same was heard by the trial court, and the plea of privilege overruled.

Article 2007 of the Revised Statutes provides the kind of plea of privilege the defendant in the trial court must file, and then provides that, "if the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea."

Article 2009 of the Revised Statutes requires the defendant to answer to the first term of court to which the citation is returnable, provided same has been served ten full days; and article 2036 of the Revised Statutes provides that the defendant shall not be required to answer unless he has had ten days' notice, but that the service shall compel him to plead at the next succeeding term of court. The only question therefore involved is what is meant by the statement in article 2007 that plaintiff shall file the controverting plea "within five days after appearance day."

In City of Ft. Worth v. Ft. Worth Acid Works Co. (Tex. Com. App.) 259 S. W. 919, the court held that a defendant could not be forced to try a case until the term of court to which the citation was returnable.

In Girvin v. Gulf Refining Co. (Tex. Civ. App.) 211 S. W. 330 (error dis.), the court specifically held that where a transcript was filed from the justice court on an appeal to the county court, that the next term of court meant the first term after the appeal had been filed, and that a plea of privilege was not waived by reason of the defendant having failed to have it passed on during the term of court that was in session when the appeal was filed.

In Cleveland v. Spencer (Tex. Civ. App.) 235 S. W. 632 (error ref.), almost the identi-

cal question involved here was there determined adversely to appellant's contention. The court there held that where a plea of privilege was filed at a term of court before the defendant was required to answer, he did not waive same by failing to call it to the attention of the trial court prior to the appearance term to which he had been cited.

In White v. Stewart (Tex. Civ. App.) 19 S. W.(2d) 795 (error ref.), the court held that the trial court could not call a suit for trial before the return day fixed in the citation issued and served on the defendant.

We think the plaintiff in the trial court has five days after the day on which the defendant is required to answer in which to file a controverting affidavit to a plea of privilege filed by the defendant in said cause, regardless of whether said plea of privilege is filed before said appearance day or not. It would be a harsh rule and a strained construction of said statute to hold that the plaintiff was required to watch the docket from day to day after he filed his suit, which, under the law, is not subject to trial before a fixed term of court, to see whether the defendant had filed a plea of privilege, and then be required to file a controverting plea within five days thereafter.

The judgment of the trial court is affirmed.