# JANUARY, 1934

CITY OF HOUSTON V. JAMES V. ALLRED, ATTORNEY GENERAL.

No. 6642.   Decided January 18, 1934.

(66 S. W., 2d Series, 655.)

*R. R. Lewis,* City Attorney, *Geo. D. Neal* and *Wm. M. Holland,* all of Houston, for relator.

*James V. Allred,* Attorney General, *Pat Dougherty,* Asistant Attorney General, for respondent.

*T. D. Cobbs, Jr.,* City Attorney, *W. C. Davis* and *Jack H. Davis,* all of San Antonio, *Hugh S. Grady,* City Attorney, and *H. P. Kucera,* Assistant City Attorney, of Dallas, as amicus curiae.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding instituted by the City of Houston, Texas, hereinafter called Relator, against James V. Allred, Attorney General of Texas, hereinafter called Respondent, to compel his approval of certain Water Works Revenue Bonds issued by Relator.

Relator is a Home Rule City of more than 290,000 population duly organized as such under the Constitution and laws of this State. Relator also operates under a charter duly ratified and approved by its qualified voters. As authorized by the statutes of this State and by its charter, Relator owns and operates its own water works system.

On November 8, 1933, Relator's city council determined by ordinance duly enacted and approved that the amount of money

on hand at such time for the purpose of making necessary extensions, improvements and betterments of its water works system was not sufficient to make and complete such improvements and betterments for such system, and decided that it would be necessary to borrow money for such purposes. Relator also decided by such ordinance to borrow money, for the above named purposes, to issue bonds for the purposes of repaying the money so borrowed, and to pledge and mortgage the future income of the water works system for the purpose of paying such bonds. In this connection we call particular attention to the fact that Relator is making no attempt to mortgage or give a lien on the physical properties of the system, but merely to mortgage the net income thereof.

It is further shown that by the terms of the above ordinance Relator authorized the issuance of $2,502,000.00 worth of water works revenue bonds for the purpose of securing money with which to make permanent betterments, additions, improvements and extensions to its water works system. The ordinance designated the method and manner of the issuance of such bonds, and provided for a water revenue fund derived solely from the income of the plant to create a fund to pay the principal and interest of these bonds.

It appears from the record that Relator has complied with its charter and pertinent statutes in the enactment of the above ordinance, and that such ordinance is legal if it is not subject to the objection made thereto by Respondents.

It appears that after the happening of the above events, and on November 29, 1933, Relator duly prepared a record or transcript of all proceedings pertaining to the issuance of these bonds, and submitted same to the Respondent for his approval as required by law. After an examination of the above transcript Respondent has refused to approve the same for the following reasons given by him:

"1. That the proposed bonds constitute a debt of the City of Houston within the provisions of Sections 5 and 7 of Article XI of the Constitution, and that under the act or acts authorizing such bonds no provision has been or can be made for the levy of a tax to pay them, as is required by such sections of the Constitution.

"2. That under the provisions of Articles 1111, 1112, 1113 and 1114 of the Revised Civil Statutes, 1925, as amended by S. B. No. 334, Chapter 122 of 1933, and other applicable statutes, the City has no power to borrow money payable solely out of income except as incidental to the making of a mortgage to secure such loan and that under Article 1112 it cannot

make any such loan without an election except for the purposes named in such Article.

"3. That H. B. No. 212, passed at the first called session of the 43rd Legislature and approved October 16, 1933, under which also authority is claimed for the issuance of such bonds, is a special or local law passed in violation of Section 56 of Article III of the Constitution.

"4. That said H. B. 212, involves a subject that was not presented to the Legislature by the Governor and was passed at such called session in violation of Section 40 of Article III of the Constitution.

"5. That the City of Houston has outstanding $1,080,-000.00 bonds, dated June 15, 1926, and maturing serially to and including the year 1951, which bonds were issued under Chapter 33 of the Laws of 1925 (Vernon's Ann. Revised Civil Statutes, 1925, Article 1109-a) and that under Section 2 of such Act the City cannot pledge or use any part of the income of its existing waterworks system, or the system as proposed to be improved for the payment of the proposed bonds or of any new bonds until all of such outstanding bonds are finally paid.

"6. That in so far as H. B. No. 212 permits the pledge or use of any part of the income of the water works system for the payment of new bonds in violation of Section 2 of Article 1109-a, as it existed at the time of the issuance of the outstanding bonds, it impairs the obligation of the contract rights of holders of such outstanding bonds and is unconstitutional.

"7. That the proposed bonds are to be issued to a Federal agency and have not been authorized by an election as required by S. B. No. 70, approved November 1, 1933, with respect to a city located in a county in which there has been damage to public and private property from a tropical hurricane during the year 1933. That it is impossible in the nature of things for the Attorney General to satisfy himself, or to establish conclusively as a fact for the protection of such bonds, that no such damage has occurred in Harris County during the year 1933.

"8. That the provisions of Chapter 163, Acts of the Regular Session of the 42nd Legislature as amended, including particularly section 11 thereof are applicable and the city has not complied with the requirements thereof in reference to giving notice."

Respondent takes the position that by virtue of the above objections these bonds are illegal and void, and for such rea-

sons refuses to approve the same. The mandamus proceeding followed.

It is shown by the record that the City of Houston now has outstanding and unpaid $1,080,000.00 of water works bonds dated June 15, 1926, and maturing serially to and including 1951. These 1926 bonds were issued under Chapter 33, of the Legislative Act of 1925, Vernon's Annotated Revised Civil Statutes, 1925, Article 1109-a. This 1926 bond issue is secured by a lien or mortgage on the physical properties of this water works plant, as well as a mortgage on the net income thereof. They do not constitute a debt against the City; only a claim against the system and its income.

From the statement we have made it appears that the Relator is here attempting to create another lien or mortgage on the income of its water works plant.

By his Objection No. 5 above quoted the Attorney General contends that by virtue of the provisions of Section 2 of Article 1109-a, supra, all of the holders of all 1926 bonds have a lien or mortgage on all of the net income of this water works system for each and every year up to and including the year 1951.

As we understand it the Relator contends that the holders of the 1926 bonds only have a lien on each year's net income for the bonds and interest maturing that year, and that when it has paid all matured bonds and interest up to and including a particular year, it can use any surplus revenue for the purpose of paying the bonds here sought to be issued.

From the above it appears that the holders of the 1926 bonds are vitally interested in the decision and determination of Objection No. 5, supra, and though so vitally interested they are in no manner made parties to this proceeding.

It is the settled law of this State that persons whose rights would be injuriously affected by the issuance of a mandamus by this Court are necessary parties to the proceeding, and all known parties, in interest, should be summoned to come in and defend such interests. Also third parties claiming an adverse interest in the subject matter of the suit which may be affected by the judgment must be bound as Respondents, without regard to the validity of their claims. 23 Tex. Jur., pp. 629-630, par. 63, and authorities there cited.

Because the holders of the 1926 bonds above described are not made parties hereto in any manner we recommend that this petition for mandamus be dismissed, without any expression by this Court of its opinion on the merits of any question raised by any of the parties, and without prejudice to the right of Relator to file a new petition making the necessary parties.

The opinion of the Commission of Appeals is adopted and the petition for mandamus is dismissed.

C. M. CURETON, Chief Justice.