ATWOOD COTTON BREEDING FARMS V. HONORABLE J. N. GALLAGHER, CHIEF JUSTICE, ET AL.

No. 6271. Decided June 30, 1934.
(73 S. W., 2d Series, 525.)

*A. R. Stout,* of Ennis, for relator.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding instituted in the Supreme Court by Atwood Cotton Breeding Farms, as relator, against the Justices of the Court of Civil Appeals for the 10th District at Waco, Texas, to compel them to certify a question of law because of certain alleged conflicts. This proceeding was attempted to be instituted under the provisions of Article 1855, R. C. S. of Texas, 1925. The opinion of the Court of Civil Appeals is reported at 49 S. W. (2d) 994.

■ Only the Justices of the Court of Civil Appeals are made parties to this proceeding. F. A. Flowers, who is the only person who has any real interest in the suit, is not joined as a party in any way. The petition is for this reason fatally defective. City of Houston v. Allred, Attorney General, ante p. 35, 66 S. W. (2d) 655.

■ The petition is also defective because it fails to point out any conflict of decisions within the meaning of Article 1855. This we shall now proceed to demonstrate.

We presume from certain dates set out in the opinion of the Court of Civil Appeals that the suit was originally filed in the 74th District Court of McLennan County, Texas. As provided by Article 199, R. C. S., 1925, that court meets on the second Mondays in February, April, June, August, October and December, and the terms continue until the business is disposed of.

As shown by the opinion of the Court of Civil Appeals, F. A. Flowers instituted this suit in the district court against relator on May 27th, 1931. Citation was issued and served, returnable to the June, 1931, term of the court which convened on June 8, 1931, but such citation was not served in time to require relator to answer at said term. In spite of the fact

that it was not then required to do so, on June 8, 1931, relator filed its plea of privilege to be sued in Ellis County, Texas. On July 25, 1931, Flowers filed his controverting affidavit contesting the plea of privilege, and proper notice was given thereof to relator. After the above proceedings, we know not how long after, the plea of privilege and contest were heard by the district court, and the plea of privilege overruled. Relator appealed to the Court of Civil Appeals at Waco, and that court affirmed the order or decree of the district court. This proceeding followed.

■ The judgment of the Court of Civil Appeals is final in appeals of this kind, and relator would be entitled to the mandamus prayed for by him, barring lack of a necessary party as already pointed out, if he has alleged a conflict of decisions within the meaning of Article 1855, supra. The conflict required by Article 1855, has often been defined by this court. It is not necessary to again define it here.

Article 2009, R. C. S., 1925, required the defendant to answer on or before the second day of the return term, and before the call of the appearance docket on said second day, provided citation has been served on him at least ten days before the first of the term to which it is returnable, exclusive of the day of service and return.

Article 2036, R. C. S., 1925, provides that the defendant shall not be required to answer unless he has had the ten days service provided by Article 2009, supra, but when citation is served before the return day named in the citation, and less than ten days before the first day of such term, such service shall compel the defendant to plead at the next succeeding term.

Article 2007, provides what shall be sufficient as a plea of privilege, and then provides that if the plaintiff desires to controvert such plea, "he shall within five days after appearance day, file a controverting plea under oath," etc.

As appears from the statement we have made the relator filed its plea of privilege to be sued in Ellis County, Texas, by the return day of the June term of the district court, when, as a matter of law, it would not have been required to file such plea until the return day of the succeeding or August term of said court. Flowers filed his controverting affidavit on July 25, more than five days after the return day of the June term of court, but before the return day of the August term. The Court of Civil Appeals holds that the controverting affidavit was filed within the five day period provided by Article 2007,

supra. We quote the following from the opinion of the Court of Civil Appeals:

"We think the plaintiff in the trial court has 5 days after the day on which the defendant is required to answer in which to file a controverting affidavit to a plea of privilege filed by the defendant in said cause, regardless of whether said plea of privilege is filed before said appearance day or not. It would be a harsh rule and a strained construction of said statute to hold that the plaintiff was required to watch the docket from day to day after he filed his suit, which, under the law, is not subject to trial before a fixed term of court, to see whether the defendant had filed a plea of privilege, and then be required to file a controverting plea within 5 days thereafter."

Relator contends that the above ruling is in conflict with the following cases: Galbraith v. Bishop (Com. App.), 287 S. W., 1087; Clark v. Shamrock Compress & Warehouse Co. et al., 31 S. W. (2d) 867; Sibley v. Continental Supply Co., 116 Texas, 402, 292 S. W., 155; City of Dallas v. Springer et al., 8 S. W. (2d) 772.

We have carefully examined all of the above opinions and find that none of them contain a decision of the law question decided by the Court of Civil Appeals in the instant case. It follows that the decision in the instant case cannot be in conflict with any of the above cited cases.

The petition for mandamus is dismissed.

Opinion adopted by the Supreme Court, June 30, 1934.