MAGNOLIA PETROLEUM COMPANY v. J. H. WALKER, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 6559.   Decided June 30, 1934.
Motion to Reinstate Overruled November 28, 1934.
(73 S. W., 2d Series, 526.)

*W. H. Francis, A. S. Hardwicke* and *Walace Hawkins,* of Dallas, and *F. A. Williams,* of Galveston, for relator.

*James V. Allred,* Attorney General, and *R. W. Yarborough,* Assistant Attorney General, for respondent.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

On January 29, 1927, Mrs. Rosa Vela De Benavides, acting for herself and as guardian of the estates of five minor Benavides children, and as agent for the State under the provisions of Articles 5367, et seq. R. C. S. 1925, executed and delivered

to N. G. Vela, an oil and gas lease covering nine sections of land in Webb County, Texas. Eight of these sections were completely owned by lessors, the State having no interest in the minerals therein. The ninth section, No. 664, containing 640 acres was State school land, and was sold in 1910 with mineral reservation and classification. All sections were included in one lease, and the terms of the lease contract generally apply to all lands without making any distinction between the lands owned in whole by lessors and the land in which the State owns the minerals. The lease contract as usual is rather lengthy. We will not attempt to detail its provisions. It is sufficient to say that it affects vitally the rights of the surface owners of the School Sec. No. 664.

It appears from the application that respondent has entered an order on his records cancelling and forfeiting the above lease on School Section No. 664. Relator, claiming to be the owner of the lease on 80 acres out of such section brings this action to compel respondent to cancel and set aside his order of cancellation and forfeiture as to such 80 acres. The surface owners, whose rights as already stated will be vitally affected, are not made parties to this proceeding in any way. The petition is therefore fatally defective on account of lack of necessary parties.

City of Houston v. Allred, Atty. Gen., 123 Texas, 35, 66 S. W. (2d) 655; Atwood Cotton Breeding Farms v. Gallagher, et al., 123 Texas, 505, 73 S. W. (2d) 525; Mrs. Janie M. Williams, Relator v. Walter L. Wray, Respondent, 123 Texas, 466, 72 S. W. (2d) 577.

The petition for mandamus is dismissed without prejudice to the rights of relator to again present same to this court with all necessary parties.

Opinion adopted by the Supreme Court June 30, 1934.