Relator contends that the above ruling is in conflict with the following cases: Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Clark v. Shamrock Compress & Warehouse Co. et al. (Tex. Civ. App.) 31 S.W.(2d) 867; Sibley v. Continental Supply Co., 116 Tex. 402, 292 S.

W. 155; City of Dallas v. Springer et al. (Tex. Civ. App.) 8 S.W.(2d) 772.

We have carefully examined all of the above opinions and find that none of them contain a decision of the law question decided by the Court of Civil Appeals in the instant case. It follows that the decision in the instant case cannot be in conflict with any of the above cited cases.

The petition for mandamus is dismissed.

Opinion adopted by the Supreme Court June 30, 1934.

## MAGNOLIA PETROLEUM CO. v. WALKER, Land Office Com'r.
### No. 1786—6559.

Commission of Appeals of Texas, Section A.
June 30, 1934.

W. H. Francis, A. S. Hardwicke, and Wallace Hawkins, all of Dallas, and F. A. Williams, of Galveston, for relator.

James V. Allred, Atty. Gen., and R. W. Yarborough, Asst. Atty. Gen., for respondent.

CRITZ, Commissioner.

On January 29, 1927, Mrs. Rosa Vela De Benavides, acting for herself and as guardian of the estates of five minor Benavides children, and as agent for the state under the provisions of article 5367 et seq., R. C. S. 1925, executed and delivered to N. G. Vela an oil and gas lease covering nine sections of land in Webb county, Tex. Eight of these sections were completely owned by lessors,

the state having no interest in the minerals therein. The ninth section, No. 664, containing 640 acres, was state school land, and was sold in 1910 with mineral reservation and classification. All sections were included in one lease, and the terms of the lease contract generally apply to all lands without making any distinction between the lands owned in whole by lessors and the land in which the state owns the minerals. The lease contract as usual is rather lengthy. We will not attempt to detail its provisions. It is sufficient to say that it affects vitally the rights of the surface owners of the school section No. 664.

It appears from the application that respondent has entered an order on his records canceling and forfeiting the above lease on school section No. 664. Relator, claiming to be the owner of the lease on 80 acres out of such section, brings this action to compel respondent to cancel and set aside his order of cancellation and forfeiture as to such 80 acres. The surface owners, whose rights as already stated will be vitally affected, are not made parties to this proceeding in any way. The petition is therefore fatally defective on account of lack of necessary parties. City of Houston v. Allred, Atty. Gen. (Tex. Com. App.) 66 S.W.(2d) 655; Atwood Cotton Breeding Farms v. Gallagher et al. (Tex. Com. App.) 73 S.W.(2d) 525, not yet reported [in State report]; Mrs. Janie M. Williams, Relator, v. Walter L. Wray, Respondent (Tex. Sup.) 72 S.W.(2d) 577, not yet reported [in State report].

The petition for mandamus is dismissed without prejudice to the rights of relator to again present same to this court with all necessary parties.

Opinion adopted by the Supreme Court.