## THOMPSON et al. v. PURE OIL CO. et al.

### No. 5154.

Court of Civil Appeals of Texas. Texarkana.

Dec. 16, 1937.

Rehearing Denied Feb. 3, 1938.

Pollard & Lawrence, Beauchamp & Richardson, and C. Worth Wood, all of Tyler, for appellants.

Vinson, Elkins, Weems & Francis and C. E. Bryson, all of Houston, and Wynne & Wynne, of Wills Point, for appellees.

JOHNSON, Chief Justice.

This appeal by appellants, plaintiffs below, is from an order of the Seventh judicial district court of Smith county, sustaining without a hearing on the merits of a plea of privilege filed by one of the defendants, the Pure Oil Company, and transferring the case to the district court of Van Zandt county.

The case was filed in the "Special District Court of Smith County," August 10, 1934, by T. J. Thompson, Mrs. N. E. George, a feme sole, J. E. Thompson, Jennie White, joined by her husband, W. H. White, and H. R. Thompson, plaintiffs, against I. W. Thompson, J. T. Thompson, and the Pure Oil Company, a corporation, defendants in the trial court. The case was styled J. T. Thompson et al. v. The Pure Oil Company et al., and numbered 5371-A on the docket of said "Special District Court of Smith County." The suit as shown by plaintiffs' petition was one for partition of land located in Van Zandt county, and alleges that two of defendants, I. W. Thompson and J. E. Thompson, reside in Smith county, the county in which the suit is filed.

On November 15, 1934, said "Special District Court of Smith County" ceased to exist by express provisions of the act creating it, and all cases pending in said court, including the case here involved, were in accordance with law transferred to the "7th Judicial District Court of Smith County," Acts 1932, 42d Leg., 3d Called Sess., p. 116, chap. 47, Vernon's Ann.Civ.St. art. 199, subd. 7. Said special district court of Smith county will hereafter be referred to as the (first) special district court of Smith county for convenience in distinguishing it from a subsequently created special district court of Smith county, Acts 1935, 44th Leg., p. 7, chap. 3, Vernon's Ann.Civ.St. art. 199, subd. 7, effective January 21, 1935, and which last special district court of Smith county will hereafter be referred to as the (second) special district court of Smith county. The act last above cited creating the (second) special district court of Smith county provides that the "District Clerk of Smith County" shall be the clerk of the Seventh judicial district court and of said (second) special district court of Smith county, that is, one and the same person shall be the clerk of both of said courts in Smith county.

At the time the case here involved was transferred to the Seventh judicial district court of Smith county, citation had not been issued and served on defendant Pure Oil Company and it had made no appearance in the case. On April 29, 1935, citation was issued out of the (second) special district court of Smith county and served upon the Pure Oil Company commanding it to appear before said special district court of Smith county, on May 6, 1935, and answer in cause No. 5371-A styled T. J. Thompson et al. v. The Pure Oil Company et al. This

citation was issued and signed by the clerk and under the seal of said special district court of Smith county. In response to this citation, the Pure Oil Company prepared and mailed to the district clerk of Smith county a plea of privilege praying that the case be transferred to Van Zandt county, the county in 'which the land sought to be partitioned is located. The plea of privilege was captioned "In the Special District Court of Smith County, Texas," and styled "T. J. Thompson et al. v. The Pure Oil Company et al., No. 5371-A." The clerk marked the plea of privilege "Filed May 6, 1935, Clark Sparks, Clerk of the Special District Court, Smith County, Texas, by Nina Richardson, Deputy." At the time this citation was issued, served, and returned, and at the time this plea of privilege was filed, and at all times since November 15, 1934, when it was transferred from the (first) special district court of Smith county to the Seventh judicial district court of Smith county, the case has continuously been pending in the Seventh judicial district court of Smith county, and has never at any time been pending in the (second) special district court of Smith county.

No further action appears to have been taken in the case in either of said courts until October 11, 1935, when the plaintiffs caused to be issued out of the Seventh judicial district court of Smith county a citation directed to the sheriff of Tarrant county (domicile of the Pure Oil Company) commanding him to summon the defendant Pure Oil Company · to appear before said Seventh judicial district court of Smith county on November 4, 1935, to answer in said cause of T. J. Thompson et al. v. The Pure Oil Company et al., No. 5371-A, pending on the docket of said court. This citation was duly served October 14, 1935. On November 4, 1935, attorneys for the Pure Oil Company, disavowing any intention of voluntarily entering into any hearing on their said plea of privilege filed as above mentioned on May 6, 1935, but expressly reserving all their rights with respect thereto, suggested to the court that, as no controverting affidavit had been filed by plaintiffs to said plea of privilege, it was the duty of the court to peremptorily sustain the plea of privilege and transfer the case to the district court of Van Zandt county. The court denied the suggestion or motion. The Pure Oil Company on the same day, November 4, 1935, filed a plea of privilege in the Seventh judicial district court of Smith county, but in doing so expressly reserved

its rights under the plea of privilege filed May 6, 1935. The plea of privilege filed May 6, 1935, will be referred to as the "first plea of privilege," and that filed on November 4, 1935, will be referred to as the "second plea of privilege." The allegations of the second plea of privilege are the same as the first plea of privilege and 'also prays that the case be transferred to Van Zandt county. November 6, 1935, plaintiffs filed a controverting affidavit in the Seventh judicial district court of Smith county and on said date the court set November 25, 1935, as the date for hearing on the second plea of privilege and the controverting affidavit. On November 25, 1935, the Pure Oil Company, without waiving any of its rights in the premises, filed a motion praying the court to strike from the record and not consider for any purpose the controverting affidavit filed by plaintiffs. In the motion it was contended in effect that the first plea of privilege was timely and properly filed and that plaintiffs' controverting affidavit was filed too late to operate as an answer to that plea of privilege, since the 1935 May term of the special district court and the 1935 June term of the Seventh judicial district court had passed after filing of that (first) plea of privilege. At the conclusion of a hearing on said motion to strike from the record plaintiffs' controverting affidavit and not consider same, the court stated that he was of the opinion "that the first plea of privilege of the defendant, the Pure Oil Company, as well as its filing, was in all things legal and valid and that he would be compelled to transfer the case on such plea of privilege to the District Court of Van Zandt County, Texas." Whereupon by permission of the court plaintiffs filed a general demurrer and exceptions to said first plea of privilege. The demurrer and exceptions were heard and overruled by the court. The court then rendered judgment transferring the case to the district court of Van Zandt county, to which plaintiffs duly excepted, and have properly presented same to this court for review.

■ The judgment of the trial court involves the holdings: (1) That appellees' delivery of its (first) plea of privilege to the "District Clerk of Smith County, Texas," on May 6, 1935, in legal effect constituted a filing of the instrument in the Seventh judicial district court of Smith county, the court in which the cause was pending, and so, regardless of the clerk's subsequent indorsement thereon as being filed in the "Special District Court of Smith County";

and (2) that appellants' controverting affidavit filed November 6, 1935, was filed too late, or after the time allowed by law, to answer said plea of privilege filed May 6, 1935. The general rule in this state is that filing of a pleading is effected by placing the instrument in the possession of the clerk of the court or his deputy with an intimation that it is proffered for filing. 33 Tex.Jur. p. 534, § 101. We doubt that the general rule, without some modification or exception, can be made applicable to the particular facts here presented, where one and the same person is made clerk of two separate and distinct courts. Determination of the question, however, is not decisive of any issue on this appeal, as will be shown below, hence we pretermit discussion of it. The controlling issue is whether or not appellants filed their controverting affidavit within the time prescribed by law, for should it be held that the instrument containing appellee's first plea of privilege has not been filed in the Seventh judicial district court of Smith county, a second instrument containing the same or a like plea was timely filed by appellee in said court, before appearance day of the cause. On the other hand, should it be held that the (first) plea of privilege was legally filed in the Seventh judicial district court on May 6, 1935, such filing did not operate to bar appellants' right to file a controverting affidavit until five days after "appearance day" of the term of court at which the appellee was required to answer in said cause, which appearance day was November 5, 1935. The citation issued out of the "Special District Court of Smith County" and served upon appellee commanding it to appear in said court on May 6, 1935, was without legal effect because the case was not pending in that court. The first and only legal citation issued and served on appellee requiring it to appear and answer in said cause was that issued out of the Seventh judicial district court on October 11, 1935, commanding it to appear and answer in said court on November 4, 1935. Therefore appellants' controverting affidavit filed November 6, 1935, was timely filed "within five days after appearance day," the time prescribed by statute, and the trial court erred in refusing to consider it. R. S. art. 2007; Atwood Cotton Breeding Farms v. Flowers, Tex.Civ.App., 49 S.W.2d 994; Atwood Cotton Breeding Farms v. Gallagher, Chief Justice et al., 123 Tex. 505, 73 S.W.2d 525.

Appellants' second proposition in substance asserts that the trial court erred in sustaining the sufficiency of the plea of privilege as against their demurrer and exceptions. The exceptions may be regarded as alleged reasons in support of the demurrer.

The plea of privilege in all respects complies with the requirements prescribed by article 2007, R.S., and prays that the cause be transferred to the district court of Van Zandt county, the county in which the land is located. In addition to the statutory allegations, the plea of privilege contains other allegations not deemed necessary to be further mentioned.

Appellants contend that in adjudging the sufficiency of the plea of privilege as against the demurrer their petition may be looked to in determining the nature of the suit, as being one for partition of land; and that when considered in connection wth the petition the plea of privilege raises no issue of fact, but one of law only, and that determination of such issue is governed by R.S. art. 1995, subd. 13, and confers venue in Smith county; and is not governed by subdivision 14 of said article 1995 as contended by appellee.

Article 1995, subd. 13, provides: "Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land."

Article 1995, subd. 14, provides: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The general rule is that the statutory allegations of a plea of privilege conforming to R.S. art. 2007 has the effect of putting in issue the venue-conferring facts alleged in plaintiff's petition, placing the burden on plaintiff to file a controverting affidavit and to produce evidence supporting such facts. Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677. Proof of the nature of the suit (as in this case being one for partition of land) is supplied by plaintiffs' petition, for the petition is "the best and all-sufficient evidence of the nature of the action." Stockyards Nat. Bank v. Maples, 127

Tex. 633, 95 S.W.2d 1300, 1302; and authorities there cited. But the petition is not proof of alleged venue facts, that is, alleged facts relied upon to confer venue of the cause on the court where the cause is pending. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495. In rare cases the nature of the suit alone determines venue and in such a case it has been held that a plea of privilege containing only the statutory allegations is subject to a demurrer. Yates v. State, Tex.Civ.App., 3 S.W.2d 114. See American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898, and authorities there cited. In the present case the nature of plaintiffs' cause as shown by their petition is purely a statutory action for partition of land, under the provisions of R.S. title 104, art. 6082 et seq., and especially authorized by article 6082 of said title, and contains only the essential statutory allegations prescribed by article 6083. It prays for no more than a partition of the land and alleges that two of the joint-owners defendants reside in Smith county. But the nature alone of plaintiffs' petition does not confer venue thereof in Smith county. The particular venue facts here are: (1) Plaintiffs'. joint ownership of an interest in the land, Banks v. Blake, Tex.Civ.App., 143 S.W. 1183; and (2) that two of said joint-owner defendants reside in Smith county, article 1995, subd. 13. The allegations in plaintiffs' petition are not proof of these venue facts. The burden was on plaintiff to file a controverting affidavit and make proof of such facts. Therefore the plea of privilege was not subject to demurrer.

The judgment of the trial court is reversed and the cause is remanded.