## THOMAS et al. v. FARRIS.

### No. 2132.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1939.

Rehearing Denied Oct. 26, 1939.

Harry L. Carpenter, of Greenville, and A. H. Menefee, of Madisonville, for plaintiffs in error.

Brownlee & Brownlee, of Madisonville, for defendant in error.

ALEXANDER, Justice.

This suit was brought in trespass to try title to recover a tract of land in Madison county. The trial court sustained a general demurrer to plaintiffs' petition and entered judgment that "the defendant go hence without day." The plaintiffs appealed.

The suit was brought by Mrs. Ethel Thomas, as guardian of the estates of her three minor children by her deceased husband, E. H. Wheaton. The petition contained all of the essential elements of an action in trespass to try title as required by our statute (Vernon's Annotated Civil Statutes, art. 7366), and, in addition, went further and alleged that the land in question had been the separate property and homestead of the said E. H. Wheaton, deceased; that the said Wheaton died intestate without owing any debts and leaving the three minor children in question as his sole heirs; that there was never any administration on his estate; that subsequent to his death his surviving widow, who had remarried, who was neither administratrix of said estate nor guardian of the estates of said minors, executed a purported lien on the land to the defendant, and that the defendant had foreclosed said lien through court and was now claiming title to said land by virtue of said

foreclosure judgment and sale thereunder. The plaintiffs specifically alleged that they were not parties to the foreclosure judgment and that by reason thereof the same was void as to them. As stated above, the trial court sustained a general demurrer to plaintiffs' petition.

The trial court seems to have been of the opinion that the judgment above referred to was valid and binding on the plaintiffs and that they were attempting to make an unlawful collateral attack thereon. We cannot agree with this conclusion. Of course, in passing on the sufficiency of the allegations of a petition as against a general demurrer, all allegations contained in the petition must be accepted as true, and no affirmative allegations contained in the answer thereto should be considered. According to the allegations of the petition, the plaintiffs, who were the owners of the land, were not made parties to the foreclosure judgment under which the defendant was claiming title to the land. Since they were not parties thereto, the judgment was not binding on them and they had a right to attack the same collaterally or otherwise as they saw fit. 25 Tex.Jur. 651; National Loan & Investment Co. v. L. W. Pelphrey & Co., Tex.Civ.App., 39 S.W.2d 926; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, par. 7, 66 A.L.R. 916; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440. Therefore, the fact that plaintiffs' petition admitted that the defendant was claiming the property under the purported judgment, which, according to the allegations of the petition, was void as to plaintiffs, did not render plaintiffs' petition subject to a general demurrer. The trial court erred in sustaining the general demurrer and other exceptions to the petition.

The defendant in error has moved to dismiss the appeal because the record does not show that the petition for writ of error was filed within six months after rendition of final judgment. The petition for writ of error does not bear the file mark of the clerk of the trial court. However, the citation in error issued by said clerk within the six months' statutory period recited that the petition for writ of error had previously been filed. There is other evidence to show that the petition was delivered to the clerk of the trial court for filing within the six months' period. It is a well established rule in this state that an instrument is considered as filed when it is placed in the hands of the proper officer for that purpose, even though no file mark has been placed thereon. Sun Lbr. Co. v. Huttig Sash & Door Co., Tex. Civ.App., 36 S.W.2d 561; Thompson v. Pure Oil Co., Tex.Civ.App., 113 S.W.2d 662; Maddux v. Booth, Tex.Civ.App., 108 S.W. 2d 329; Woodrum Truck Lines v. Bailey, Tex.Com.App., 57 S.W.2d 92; Blackburn v. State ex rel. Echols, Tex.Civ.App., 72 S.W. 2d 627. We therefore overrule the motion to dismiss.

The judgment of the trial court is reversed and the cause is remanded for a new trial.