**KELLY et al. v. LOBIT et al.**

No. 10875.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1939.

A. D. Dyess and Franklin & Blanckenbecker, all of Houston, for relators.

Stewart & DeLange and Albert J. DeLange, all of Houston, and Byron Economidy, of Galveston, for respondents.

GRAVES, Justice.

This is an original application filed in this Court by Donald S. Kelly and Myrtle E. Kelly, the latter acting individually and as guardian for the estate of Joseph Lobit, Jr., a minor, and such minor himself, acting also by counsel, as relators, against Hon. Charles G. Dibrell, Judge of the 56th District Court of Galveston County, as respondent, for a writ of prohibition; they hereby seek to prevent such 56th District Court from trying—or further proceeding in any way with—cause No. 54277 on the docket thereof, styled Paul Lobit et al. v. Myrtle E. Kelly et al., until cause No. 246873 in the 113th District Court of Harris County, styled Myrtle E. Lobit Kelly et al. v. Louis Lobit et al., has first been tried and disposed of; the general ground declared upon being that the jurisdictions of such two courts conflict as to parties and subject-matter involved in the suits, hence as to their respective powers in the premises, and that as to such matters not cognizable by both at the same time, the Harris County district court first acquired jurisdiction.

In so far as material, the gist of and parties to the two suits thus brought into opposition were, respectively, as follows:

(1) In that in Harris County, which was filed first, Mrs. Kelly and husband and

the minor, Joseph Lobit, III, claiming to own the interest of Joseph Lobit, II, deceased, in the estate of his father, Joseph Lobit, I, sued Louis and Paul Lobit, likewise sons of Joseph Lobit, I, individually and as executors or trustees of their father's estate, seeking an accounting of them as such and a recovery of their claimed interests in such estate, as against all others claiming any interest therein; they alleged that Joseph Lobit, I, long since dead, had willed his property, in part at least to his five children, including the named Louis, Paul, and Joseph Lobit, II, along with two daughters;

(2) In suit No. 54277 in Galveston County, being a straight-out action for partition of three specific tracts of land lying in Galveston County, and being part of such devised estate of Joseph Lobit, I, in which Paul and Louis Lobit—joined by Edgar Lobit and Bertha Lobit Wilson—as plaintiffs, sought partition of such three tracts against Joseph Lobit, Jr., the minor referred to supra, and Donald S. Kelly, individually, as administrator of the estate of Myrtle E. Kelly, deceased (she having died since the filing of the Harris County suit), and as guardian of the estate of Joseph Lobit, Jr., they declared that all such parties were tenants in common as affected the three tracts of land sought to be so partitioned, that together they constituted all persons owning interests therein, and invoked the power of the 56th District Court to equitably partition the same between such joint owners, as provided by law.

It is thus undisputedly made to appear from the record in this court that all the heirs and devisees of Joseph Lobit, I, and the successors in interest of such heirs and devisees, were parties to the partition suit at Galveston having to do with his estate in the respects specified; consequently they were all vitally interested as such in the issues therein involved.

Despite this situation, the applicants for the writ of prohibition at bar directed the same against the 56th District Court and the incumbent Judge thereof, the Hon. Charles G. Dibrell, alone, and did not make as parties thereto either Louis Lobit or Paul Lobit, whom they had so sued in Harris County, nor any others of the named joint owners with themselves in the estate of Joseph Lobit, I; wherefore, it becomes plain that the application is fatally defective for the want of necessary parties. The petition will accordingly be dismissed, without prejudice to the rights of relators to again present the same to this court, with all necessary parties included. Douglas v. Parish, 124 Tex. 39, 72 S.W.2d 591; Goebel v. Carter, 124 Tex. 314, 77 S.W.2d 215; Atwood Cotton Breeding Farm v. Gallagher, 123 Tex. 505, 73 S.W.2d 525; Magnolia Petroleum Co. v. Walker, 124 Tex. 125, 73 S.W.2d 526; Lee C. Scruggs v. McCart, 119 Tex. 464, 32 S.W.2d 823; City of Houston v. Allred, 123 Tex. 35, 66 S.W.2d 655.

Application dismissed without prejudice.