## RUSS v. RUSS.

### No. 11135.

Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1941.

Rehearing Denied Feb. 20, 1941.

GRAVES, Justice.

The appellant herein seeks to have this court review an order of the district court of Austin County, of date May 11 of 1940, in a proceeding there entitled, "In the Matter of the Estate of Kinch Russ, Deceased, No. 7299–7315," refusing her application to readjudge the costs in the consolidated cause so numbered there; that court had previously, on the 12th day of January of 1940, assessed against this appellant and her sureties, E. D. Sorsby and H. D. Schwartz, on a certiorari bond she had given, all the costs in such consolidated proceeding, involving the validity of a will by Kinch Russ, deceased, in which she had not been a party, but to which J. H. Guthrie, as next friend of her two minor children, Virgie Lee and Charles Ray Russ, along with Mrs. Lulie Russ, had been parties; that is, despite her absence, the court had, after refusing the probate of such will, assessed the costs against appellant and her two sureties.

As indicated, although at the time of its rendition she was not a party thereto, having been, under order of that court prior to the entry of such former judgment, allowed to resign as the nominated independent executrix, and having then been "dismissed and discharged as and from being a party" to that cause, she did not in the application here under review to "readjust and readjudge" such costs, which itself therefore, was an original proceeding in the trial court (11 Tex.Jur., p. 308, par. 47), make parties thereto her named sureties on the bond she had given, nor bring her children in, through their next friend, J. H. Guthrie, as appears from this recitation in the order thus attempted to be appealed from, towit: "1. It appears to the Court that Mabel Guthrie Russ, J. H. Guthrie, as next friend of Virgie Louise Russ and Charles Ray Russ, minors, and Mrs. Lulie Russ are parties to the above entitled and numbered cause, and that the only parties appearing in the matter of this motion, so far as this Court is informed, who have been cited to appear, are Mabel Guthrie Russ and Mrs. Lulie Russ, and it does not appear that J. H. Guthrie, as next friend for Virgie Louise Russ and Charles Ray Russ, was made a party to this motion by citation or otherwise."

Wherefore, to say nothing of the appealability vel non of such a detached and independent order of the trial court as this one was, it is obvious that both the next friend of her children and her own sureties on the bond she had given were vitally interested in the controversy to which her application for the readjudging of the costs related, and were necessary parties to any proceeding to readjudge the same; hence her application for such relief was fatally defective, for the want of necessary parties thereto. B. K. Durden, Adm'r, v. Miss Jimmie Patterson et al., Tex.Civ.App.. 146 S.W.2d 296, decided December 19, 1940; H. M. Cohen Co. v. McCalla, Judge, Tex.Civ.App., 142 S.W.2d 685; Kelly v. Lobit, Tex.Civ.App., 134 S.W.2d 428, and cited authorities.

The judgment of the court below will accordingly be reversed and the application of appellant to retax costs dismissed without prejudice to any right she may have, if any, to again present the same to the court below with all necessary parties included. It is so ordered.

Since it is not necessary to this determination to pass upon the appealability of such an order, even with the essential parties included, that is not done.

Reversed and dismissed without prejudice.