### BENNETT v. ROMOS et al.

### No. 6164.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1951.

Rehearing Denied Nov. 26, 1951.

N. C. Outlaw, Post, Erwin G. Ernst, Lamesa, for appellant.

Ratliff, Conner & Walker, Spur, for appellees.

PITTS, Chief Justice.

This is a suit in trespass to try title filed on July 28, 1950, by appellees, Adolfo C. Romos and Natibidad Nebarez Romos, against appellant, Harry Bennett, and other party defendants who disclaimed in the trial court any interest in the property here involved and are not parties to this appeal. The land involved in this suit was situated in the town of Clairemont, Kent County, Texas, with the common source of title in Juan Nebarez, sometimes known as Juan Navarey, who had previously acquired title to the said land from Bill Underwood on March 30, 1934, and the deed of conveyance had been recorded. Appellees base their claim of title upon a deed of date May 30,

1950, executed by Juan Nebarez and his children as the heirs of his deceased wife conveying the land in question directly to appellees while appellant predicates his claim of title upon a judgment of date March 25, 1947, in a foreclosure tax suit filed against the unknown heirs of Juan Nebarez, deceased, and any unknown owners.

The case was tried to the court without a jury and judgment was rendered for appellees from which appellant perfected his appeal. He predicates his appeal upon two points of error charging that the trial court erred in permitting the introduction of evidence that constituted a collateral attack on the tax judgment and that the uncontroverted evidence refutes the findings of the trial court upon which its judgment is based.

The record reveals that the parties stipulated the facts in the case and the trial court found that all of the facts considered by him were agreed upon by stipulation of the parties. However the record reveals that a portion of the evidence was stipulated subject to appellant's objections. The trial court concluded as a matter of law that the tax judgment and foreclosure proceedings relied upon by appellant were void as to appellees and that such may be collaterally attacked by appellees in this suit. The trial court further concluded as a matter of law that appellant was not a bona fide innocent purchaser of the land in question as against appellees and that appellees were entitled to judgment for title and possession of the said land.

The stipulated facts reveal that Paubala Nebarez, wife of Juan Nebarez, died intestate on January 23, 1935, leaving seven children born to the marriage of her and her husband. According to the recitations in the deed relied on by appellees it appears that sometime during the year 1944 Juan Nebarez and the seven children born during the marriage of him and his deceased wife executed a deed conveying the land in question to appellees but the said deed was lost and never recorded. But the same grantors executed a confirmation deed in lieu of the lost deed on May 30, 1950, conveying the same land for a valuable consideration to

appellees and the latter deed was filed for record and recorded. On December 30, 1946, the State of Texas and Kent County, through a tax attorney, Honorable George S. Bond, filed a tax suit in Kent County against the unknown heirs of Juan Navarey, deceased, whose residences were alleged to be unknown and against all unknown owners, seeking to collect outstanding taxes against the land in question and citation was accordingly issued and served by posting at three different places in Kent County. On March 25, 1947, judgment was rendered in the tax suit against the unknown defendants and in favor of the State of Texas and County of Kent foreclosing a tax lien upon the land in question. On April 25, 1947, an order of sale was accordingly issued and the land in question was sold by the sheriff of Kent County on June 7, 1947, to A. F. Churchill, who on February 3, 1950, sold and conveyed the said land to appellant for a valuable consideration.

Under the facts presented Juan Nebarez was the record owner of the land in question when the tax suit was filed and all of the proceedings thereunder were had. In all of these proceedings it was alleged that Juan Nebarez, sometimes known as Juan Navarey, was deceased and his unknown heirs were sued as party defendants while the stipulated facts reveal, over the objections of appellant, that Juan Nebarez was not dead but was a living person during all of the time the proceedings were being had in the tax suit in question and that the said Juan Nebarez was still living and residing at Rotan, Fisher County, Texas, at the time this case was heard by the trial court on January 22, 1951. The stipulated facts further reveal that Juan Nebarez was on June 21, 1933, adjudged by the County Court of Kent County to be a person of unsound mind and that such condition existed during all of the time the proceedings were being had in the tax suit in question but that on May 30, 1950, he was legally adjudged to be a person of sound mind and restored to the status of a normal person. The record does not disclose whether or not a guardianship of his person or estate existed at any time during his mental incapacity. It was further stipulated that the attorney

representing the State and County in the tax suit made inquiry around the town of Clairemont, Kent County, and believed Juan Nebarez was deceased at the time he filed the tax suit against the unknown heirs of Juan Nebarez, deceased.

Appellant charges that it was error for the trial court to admit, over his objections, evidence to the effect that Juan Nebarez was a living person and of unsound mind at all material times during the filing of the tax suit in question and all of the proceedings had thereunder because such constituted a collateral attack upon the tax judgment. While appellees contend that the said tax judgment was void as to Juan Nebarez and those claiming title under him and it is therefore subject to collateral attack because neither appellees nor Juan Nebarez, the living record owner of the land in question, were made party defendants to the tax suit or served with a citation in the same.

The record reveals that on the trial of the case appellees entered into the agreed statement of facts as herein recited and then introduced their deed executed by Juan Nebarez and his children conveying the land in question to them and rested, thus making out a prima facie case of title in them unless appellant could show that the tax judgment and foreclosure proceedings thereunder rendered appellees' chain of title a nullity.

 According to the record here presented, Juan Nebarez was the record owner of the land in question. He was still living at the time the tax suit was filed and all of the proceedings therein were had and even at the time this case was tried. He therefore had no surviving heirs who could, as party defendants, answer for him as to his interest to the land in question in the tax suit filed, alleging him to be deceased and suing his heirs as party defendants to answer for him as to his interest in the land in question. Neither Juan Nebarez nor appellees as his successors in title were named as party defendants in the tax suit and none of them was served with citation. A tax judgment and the proceedings thereunder are void as to the record owner of

land and those claiming title under him when he and those claiming title under him were not made parties to the suit, were not served with citation and therefore made no appearance therein. The record owner of the land or those claiming title under him as strangers to the tax judgment may collaterally attack such a tax judgment and the proceedings thereunder when their interests in the land are adversely affected thereby. State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Green v. Robertson, 30 Tex.Civ.App. 236, 70 S.W. 345; Texas Soap Mfg. Corporation v. McQueary, Tex.Civ.App., 172 S.W.2d 177; Thomas v. Farris, Tex.Civ.App., 132 S.W.2d 435; Cloud v. McK'y, Tex.Civ.App., 216 S.W.2d 285; American Realty Corporation v. Tinkler, Tex.Civ.App., 107 S.W.2d 627. Some of the foregoing authorities further hold that where such a tax judgment and the proceedings thereunder were void, a remote purchaser from the purchaser at foreclosure proceedings, such as appellant herein, has no title to the land.

Concerning the effect of the tax suit as against unknown owners, Article 7327, V.A. C.S., authorizes the filing of tax suits for the collection of delinquent taxes against unknown owners when the land against which such taxes may have accrued is listed and appears on the delinquent tax record in the name of "unknown" or "unknown owners". But the land involved in the tax suit appellant here relies on did not so appear on the delinquent tax record of Kent County. The record here reveals that the said land appeared on the delinquent tax rolls of Kent County for the whole period of time sued on (years 1931–1945) in the name of W. R. Underwood while Juan Nebarez was the record owner of the said land for practically the whole period of time. But neither of them was made a party to the tax suit and it was not alleged that their residences were unknown or they could not be found.

The records of Kent County reveal that the land in question appeared on the delinquent tax records of the said County in the name of W. R. Underwood. The records of the said County likewise reveal that Juan Nebarez was the record owner of the land in question and the records of the said County also revealed that Juan Nebarez had been adjudged of unound mind prior to the filing of the tax suit. It is our opinion that it would have required little diligence on the part of an ordinary prudent person to have learned prior to filing the tax suit the foregoing facts and to have established the fact that Juan Nebarez was still living.

We might further observe that the tax suit filed on December 30, 1946, the other proceedings thereunder were had during the year 1947, while Article 7345b, Section 3 (a), makes the following provision in part: "When the names of the owner or owners of the property against which foreclosure of the tax lien is sought are unknown to the attorney filing the suit for the plaintiff taxing unit, such unknown owner or owners may be made parties and given notice under the designation 'unknown owner or owners of the hereinafter described land'; provided, however, that record owners of the property or any interest therein, including record lien holders, shall not be included in the designation of 'unknown owners'; and persons within a period of five (5) years next preceding the filing of the suit, shall not be included in the designation of 'unknown owners.' "

It is therefore our opinion that the trial court properly held that appellant was not entitled to recover against appellees in this suit as unknown owners.

Under the authorities cited and many others and for the reasons stated, it is our opinion that the trial court rendered a proper judgment. Appellant's points to the contrary are overruled and the judgment of the trial court is affirmed.

### On Motion For Rehearing.

PER CURIAM.

■ In his motion for rehearing appellant charges that Juan Nebarez had divested himself of title to the land in question by deed executed to appellees in 1944 and that he was not therefore a necessary or proper party to this suit. According to the record appellant bases such a contention solely upon a recitation found in the deed relied on

by appellees of date May 30, 1950, executed to them by Juan Nebarez and his children as heirs of his deceased wife. The evidence reveals by stipulation that Juan Nebarez had been adjudged a person of unsound mind and that such condition existed during all of the year 1944 and for some years previous thereto as well as for some years subsequent thereto when his normal status was restored by judgment of the proper court. Juan Nebarez therefore did not have mental capacity to execute a valid deed at any time during the year 1944 and there is no showing that a legal guardian was appointed for him and that such a deed was executed in his behalf. It can be presumed according to the record that the fact that Juan Nebarez was a person of unsound mind during the year 1944 was one of the principal reasons the latter deed was executed in lieu of the former deed. Since appellant agreed by stipulation that Juan Nebarez was of unsound mind covering the said period, which included the year 1944, his contention that Juan Nebarez divested himself of title to the land in question by reason of the execution of a deed by him during the year 1944 is not well taken. For this and other reasons appellant's motion for a rehearing is overruled.