J. E. LANFORD ET AL. v. HONORABLE EDWARD W. SMITH, CHIEF JUSTICE, ET AL.

Motion No. 12,737.   Decided December 9, 1936.
(99 S. W., 2d Series, 593.)

374

*Jesse G. Foster,* of Raymondville, for relators.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is a motion to file an original petition for mandamus in this Court. It is sought to have the Court of Civil Appeals certify certain alleged conflicts under Article 1855, R. C. S., 1925. The motion was filed by J. E. Lanford et al. against the Honorable Justices of the Court of Civil Appeals at San Antonio. It makes no other party or parties. The petition which accompanies the motion is rather meagre, but from all the instruments before us we gather the following facts:

Emma Lovett et al. sued J. E. Lanford et al. in the District Court of Hidalgo County, Texas, on a note alleged to be payable in that county and to have been signed by Lanford et al. Lanford et al. filed pleas of privilege, in due form of law, to be sued in Willacy County, the county of their residences. Lovett et al. filed controverting affidavits claiming venue in Hidalgo County because the alleged note was, by its terms, payable there. The case was tried on the issue of venue alone. At the

trial Lovett et al offered no evidence to rebut the pleas of privilege, except the note itself. The trial court overruled the pleas of privilge, and Lanford et al. appealed to the Court of Civil Appeals at San Antonio. On final hearing in that court the judgment of the district court was reversed for lack of supporting evidence and the cause remanded for a new trial. The remand was on the theory that it did not appear from the record that the facts had been fully developed.

Lanford et al. contended in the Court of Civil Appeals that that court, when it reversed the judgment of the district court, should render judgment changing the venue to Willacy County, or that the remand should be with instructions to the trial court to do so. In this connection they contended that in appeals in venue cases the Court of Civil Appeals, under the statute, must render judgment sustaining the plea of privilege when it determines that the trial court was in error in overruling the same. The Court of Civil Appeals in effect overruled this contention. Lanford et al. contended in the Court of Civil Appeals that the above ruling was in conflict with certain opinions by the Commission of Appeals and by other Courts of Civil Appeals. It is not necessary to mention these cases, except to say that the opinion of the Court of Civil Appeals is not in conflict with any opinion of the Commission or of this Court.

■ It appears from the record before us that only the Justices of the Court of Civil Appeals are made parties to this mandamus proceeding. Lovett et al., though the real parties at interest, are not joined in any manner. It is the settled law of this State that all persons or parties whose rights would be injuriously affected by the issuance of a mandamus by this Court are necessary parties to a proceeding therefor. City of Houston v. Allred, 123 Texas, 35, 66 S. W. (2d) 655. This rule has been expressly applied to proceedings in this Court to compel the Court of Civil Appeals to certify conflicts under Article 1855, R. C. S. of Texas, 1925. Atwood Cotton Breeding Farms v. Gallagher, 123 Texas, 505, 73 S. W. (2d) 525. It follows that the tendered petition in this case is fatally defective for lack of necessary parties.

■■ It is the general rule in civil cases that when the Court of Civil Appeals reverses the judgments of the trial court for lack of evidence in support thereof it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the

facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition. This rule is too well established to require the citation of authorities. It is now also the settled law of this State that appeals regarding interlocutory orders sustaining or overruling pleas of privilege are governed by the same rules that govern appeals in civil cases generally. If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from. Aetna Life Ins. Co. v. Gallagher, 127 Texas, 553, 94 S. W. (2d) 410; Compton v. Elliott, 126 Texas, 232, 88 S. W. (2d) 91.

In the Compton Case, supra, Judge Smedley, speaking for this Court, held that Article 2008, R. C. S., 1925, contains nothing that indicates that the review by the appellate court should be in any respect different from the review in other civil cases. In the Aetna Life Insurance Company Case, supra, Judge Hickman, speaking for this Court, reviewed the very question involved in the case at bar, and held that the question of conflict which Lanford et al. here seek to have certified was settled by this Court in the Compton Case, supra. In this connection the opinion in the Aetna Life Insurance Company Case, supra, expressly and directly holds that appeals of this character are governed by the general rules governing appeals in civil cases, and that the Court of Civil Appeals, when it reverses the trial court, is not compelled in all instances to render judgment, but that it can reverse and remand, or reverse and render, as the circumstances shown by the record may require or justify.

The question of conflict here involved has already been settled by this Court in the two cases above cited in harmony with the opinion of the Court of Civil Appeals in the case at bar. It follows that it would not be proper to allow the filing of this petition, even if it contained all the necessary parties, which it does not.

For the reasons stated, the motion to file petition for mandamus is overruled.

Opinion delivered December 9, 1936.