Billy J. FUDGE and Steere Tanklines, Inc., Appellants,

v.

COTTLE COUNTY, Texas, Appellee.

No. 8140.

Court of Civil Appeals of Texas, Amarillo.

April 19, 1971.

Morehead, Sharp, Tisdel & Gibbins, Bob Gibbins, Plainview, for appellants.

Heatly & Heatly, W. H. Heatly, Paducah, for appellee.

REYNOLDS, Justice.

This appeal results from a plea of privilege proceeding in a tort action.

Cottle County, Texas, appellee, sued Billy J. Fudge and Steere Tanklines, Inc., appellants, to recover damages caused to a county road bridge. Appellee alleged that Fudge, while in the course and scope of his employment with Steere, by negligently failing to follow instructions, drove a truck across appellee's bridge in Cottle County and damaged the same. Appellants filed pleas of privilege to be sued in their respective counties of residence. A controverting plea was filed by appellee. After a hearing the trial court overruled appellants' pleas of privilege, and appellants have appealed.

■ Appellants contend, among other assignments, that there is no evidence, or alternatively insufficient evicence, of appellants' actionable negligence necessary to maintain venue in Cottle County ·under Subdivision 9a of Article 1995, Vernon's Ann.Civ.St. We agree. To sustain venue in Cottle County under its allegations of negligence, appellee was required to plead and prove a prima facie cause of action showing 1) a negligent act occurring in Cottle County, 2) such act was that of defendants, and 3) such negligence was the proximate cause of the claimed injuries. Subdivision 9a, Article 1995, V.A.C.S. Even assuming, without deciding, that appellee sufficiently proved a negligent act was committed in Cottle County by Fudge acting in the course and scope of his employment with Steere, the judgment must be reversed because the record is devoid of any probative evidence that such act was the proximate cause of the damages claimed by appellee.

■ The bridge was in the vicinity of a road construction project and trucks were being driven on the road where the bridge is located. There is no testimony whether any of these trucks crossed the bridge. No witness testified to seeing Fudge drive the truck across the bridge. The only evidence that Fudge drove the truck across the bridge came from the witness Walker, who testified that Fudge told him that he (Fudge) had driven across the bridge, and that the truck had a gross weight of 74,500 pounds when loaded at Big Spring. There was no load limit sign posted at the bridge and there is no testimony concerning the type of structure of the bridge or its load capacity. The time Fudge drove across the bridge was not fixed relative to when the damage to the bridge occurred, and there is no testimony as to the condition of the bridge either prior or subsequent to the time Fudge drove across it. There is no testimony that the truck driven by Fudge caused any damage to the bridge. At best the evidence is speculative that the truck driven by Fudge caused the damage complained of, and fails to constitute a prima facie cause of action against appellants.

It is readily apparent from the record in this case that the venue facts were not fully developed at the hearing, and the cause should be reversed and remanded for another hearing. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948) ; Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593 (1936).

Inasmuch as it is likely that the proof adduced at another hearing will not be the same as shown in this record, we do not believe a discussion of the other assignments of error is merited.

Reversed and remanded.