**AIRWAY INSURANCE COMPANY,**
Appellant,

v.

**HANK'S FLITE CENTER, INC.,**
Appellee.

No. 15426.

Court of Civil Appeals of Texas, San Antonio.

July 23, 1975.

Rehearing Denied Sept. 10, 1975.

Stewart J. Alexander, San Antonio, for appellant.

Benny J. Lowe, Alexander, Lowe & Pratt, Odessa, for appellee.

BARROW, Chief Justice.

Appellant has perfected its appeal from a judgment entered on a jury verdict for the stipulated sum of $20,500.00 in appellee's suit to recover on an insurance policy for

damages sustained to an insured airplane in a crash.

Appellant seeks a reversal and remand of the case by three assignments of error wherein it complains that the jury's response to each of three special issues is "so against the overwhelming weight and preponderance of the evidence adduced at trial as to be clearly wrong.[1] Each of these three assignments question the factual sufficiency of the evidence. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 366 (1960); O'Connor, Appealing Jury Findings, 12 Hous.L.Rev. 65 (1974).

█ We have no jurisdiction to consider these factual insufficiency points in that appellant did not file a motion for new trial. Rules 324, 374, Tex.R.Civ.P. (1967); *Darryl v. Ford Motor Company,* 440 S.W.2d 630 (Tex.1969); *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 365 (1960).

█ Appellant filed a motion for instructed verdict at the close of the evidence and also a motion for judgment non obstante veredicto after the verdict was returned. However, it does not have any point on this appeal complaining of the trial court's action in overruling either of these motions. Furthermore, it does not argue the validity of either motion in its brief or even seek a rendition of the judgment.

Appellant has wholly failed to preserve any error for appellate review, and therefore the judgment must be affirmed.

1. "*One:* That the jury's finding that Robert Charles Denton did not have possession of the aircraft under a bailment, conditional sale or purchase agreement, was so against the overwhelming weight and preponderance of the evidence adduced at trial as to be clearly wrong.

*Two:* That the jury's failure to find that the taking by Robert Charles Denton of the aircraft amounted to a conversion, was so against the overwhelming weight and preponderance of the evidence adduced at trial as to be clearly wrong.

*Three:* That the jury's failure to find that Robert Charles Denton did not have a license issued by the Federal Aviation Administration to fly the airplane, was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong."