**AIRWAY INSURANCE COMPANY,**
Petitioner,

v.

**HANK'S FLITE CENTER, INC.,**
Respondent.

No. B–5591.

Supreme Court of Texas.

March 10, 1976.

Stewart J. Alexander, San Antonio, for petitioner.

Alexander, McDonald & Lowe, Benny J. Lowe, Odessa, for respondent.

DANIEL, Justice.

This appeal involves a procedural question as to whether "factual insufficiency" or "weight and preponderance" points of error should have been treated by the court of civil appeals as "no evidence" points under the record presented in this case.

Airway Insurance Company perfected an appeal from a judgment for $20,500 entered upon a jury verdict in favor of Hank's Flite Center in a suit to recover on an insurance policy for damages to an insured airplane. Airway Insurance had filed a motion for judgment non obstante veredicto. It was overruled by the trial court, but Airway's appeal did not clearly complain of this action. Instead, it stated and argued three factual "weight and preponderance" points and sought a remand rather than a rendition in its favor. The court of civil appeals held that it had no jurisdiction to consider what it termed Airway's "factual insufficiency" points because of its failure to file a motion for new trial. The court also concluded that Airway did not have a point of

error complaining of the trial court's action in overruling the motion for judgment non obstante veredicto nor any argument in support of the validity of that motion. It affirmed the judgment of the trial court. 527 S.W.2d 488 (Tex.Civ.App.). We affirm.

First, as to terminology, the court of civil appeals has referred to the points of error as "factual insufficiency" points. They were stated as "weight and preponderance" points.[1] Such points often have been generally classified as "insufficient evidence" points in distinguishing them from "no evidence" points. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 366 (1960); Garwood, *The Question of Insufficient Evidence on Appeal*, 30 Texas L.Rev. 803, 804 (1952). There is a distinction, which is not material to this appeal, and we shall treat the court of civil appeals' reference to "factual insufficiency" points as

including "weight and preponderance" points.[2]

■ The court of civil appeals correctly held that it had no jurisdiction to consider factual insufficiency points of error in the absence of a motion for new trial. Rules 324, 374;[3] *Darryl v. Ford Motor Company*, 440 S.W.2d 630 (Tex.1969); *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960). Its opinion, however, did not indicate consideration of the liberal briefing rules under which appellate courts allow substance to control over form in the wording of points of error if the brief otherwise directs the attention of the court to the error relied on. Rules 1, 418(b), 422. Under certain circumstances a point was treated as a "no evidence point" when expressed in terms of "not having sufficient support in the record." *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286 (1951). In *Gleason v. Davis*, 155 Tex. 467, 289 S.W.2d 228 (1956) and *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943), we made it clear that it

---

1. The points were stated by Airway Insurance Company as follows:

*"POINTS OF ERROR*

*"ONE:* THAT THE JURY'S FINDING THAT ROBERT CHARLES DENTON DID NOT HAVE POSSESSION OF THE AIRCRAFT UNDER A BAILMENT, CONDITIONAL SALE OR PURCHASE AGREEMENT, WAS SO AGAINST THE OVERWHELMING WEIGHT AND PREPONDERANCE OF THE EVIDENCE ADDUCED AT TRIAL AS TO BE CLEARLY WRONG.

*"TWO:* THAT THE JURY'S FAILURE TO FIND THAT THE TAKING BY ROBERT CHARLES DENTON OF THE AIRCRAFT AMOUNTED TO A CONVERSION, WAS SO AGAINST THE OVERWHELMING WEIGHT AND PREPONDERANCE OF THE EVIDENCE ADDUCED AT TRIAL AS TO BE CLEARLY WRONG.

*"THREE:* THAT THE JURY'S FAILURE TO FIND THAT ROBERT CHARLES DENTON DID NOT HAVE A LICENSE ISSUED BY THE FEDERAL AVIATION ADMINISTRATION TO FLY THE AIRPLANE, WAS SO AGAINST THE OVERWHELMING WEIGHT AND PREPONDERANCE OF THE EVIDENCE AS TO BE CLEARLY WRONG.

\*   \*   \*   \*   \*   \*

"THAT COLLECTIVELY, THE HONORABLE TRIAL COURT ERRED IN NOT GRANTING AIRWAY'S MOTION FOR JUDGMENT NON OBSTANTE VERDICTO [sic]."

2. The appellation "insufficient evidence" is more appropriate to describe evidence alleged to be too weak factually to support a vital finding. "So against the great weight and preponderance of the evidence as to be unjust" is proper in asserting that on balance the evidence is overwhelmingly against the finding at issue. Calvert, 38 Texas L.Rev. 361, 366; Calvert and Hatchell, *Some Problems of Supreme Court Review*, 6 St. Mary's Law Journal 303, 325 (1974). We agree that confusion might be avoided if the above standard designations were used in describing the varying states of evidence at issue, as well as "no evidence" or "no legally sufficient evidence" to designate a total lack of evidence to support a vital finding, and "established as a matter of law" to denote a contention that a given fact is conclusively established by the evidence. *Id.*, note 93 at 325–326.

3. All references to Rules are to the Texas Rules of Civil Procedure.

is proper to look to the statement and argument under a point to determine whether it qualified as a "no evidence" point. The controlling consideration is not whether the point uses the proper or preferable terminology, but whether the point is based upon and related to a particular procedural step in the trial and appellate process and is properly argued as a predicate for the relief sought. Calvert, 38 Texas L.Rev. at 361–362.

We reaffirm the rules and tests announced in *Fambrough, Woodward,* and *Gleason* and shall apply them in considering this appeal. In fact, we granted this writ to consider the argument of petitioner, Airway Insurance Company, that its points in the court of civil appeals, although stated as factual insufficiency points, should have been considered as "no evidence" points directed at the alleged error of the trial court in overruling Airway's motion for judgment non obstante veredicto.

The Commanche B airplane insured by Airway Insurance Company was owned by the Teri Gay Trust and leased to the insured, Hank's Flite Center, Inc., of Odessa, Texas. The Flite Center was operated by Hank Henry, who had set up the Teri Gay Trust for his daughter. Shortly before the plane crash, Henry had offered to sell it to Robert Charles Denton of Roswell, New Mexico. A tentative agreement was reached and Denton signed a conditional "Buyer's Order" supplied by Henry on November 2, 1973, which consisted of "my offer to purchase the airplane and/or other items specified below subject to the terms and conditions set forth in this order." The order and offer called for payment in cash or terms "accepted by Seller at the time of delivery." It was signed only by Robert Charles Denton. The spaces for the name and written acceptance of the Seller were blank. On November 7, 1973, Henry flew the plane to Roswell to complete the proposed purchase arrangements. Upon finding that Denton had failed to secure the purchase price of $23,000, Henry sought to "morally obligate" Denton by getting him to execute a promissory note in that amount payable on November 15, 1973, to the Terri Gay Trust. Henry testified that the purchase agreement was to be completed and the plane delivered to Denton only after the purchase price was paid. However, he testified that he left the plane at the Roswell Airport so that Denton could experience the "pride of ownership." Although the ignition keys were left in a side pocket of the plane, Henry testified that he gave Denton explicit instructions not to fly the plane. Denton nevertheless did so on November 9, when the plane crashed and he was killed. The plane was totally demolished.

Airway Insurance Company refused to pay Hank's Flite Center's claim under the policy. Its defense in the trial court was based upon exclusions of coverage in the policy if the airplane at the time of the crash was either (1) possessed under a bailment, conditional sale, or purchase agreement, (2) wrongfully converted while so possessed, or (3) piloted by an unlicensed pilot. On the controlling issues relating to these exclusions, the jury's answers were against Airway Insurance and favorable to the insured.

In its motion for judgment non obstante, Airway Insurance did not use the words "no evidence" in complaining of the answers of the jury, but it did assert that certain recited evidence was "proof as a matter of law" that the pilot was unlicensed and that he was in possession of the aircraft under a conditional sale or purchase agreement. The motion can be construed as one based upon a contention that controlling facts excluding coverage had been conclusively established as a matter of law. If Airway Insurance had pursued the statements and arguments under this motion in a point complaining of the alleged error of the trial court in overruling the motion, the court of civil appeals would have had juris-

diction without the necessity of Airway filing a motion for new trial. Rule 324. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887, 890 (1960). In *Wagner*, it was held that an appellant who filed a motion for judgment non obstante veredicto, but not a motion for new trial, must on appeal predicate his points of error on matters stated in the motion for judgment non obstante veredicto.

Instead, Airway Insurance completely failed in the court of civil appeals to preserve its argument that the exclusions of coverage had been conclusively established as a matter of law. That allegation was not presented as a basis for its complaint that the trial court erred in overruling its motion for judgment non obstante. Rather, Airway stated and argued each of its three points of error relating to the policy exclusions as a complaint that a jury finding was "so against the overwhelming weight and preponderance of the evidence . . . as to be clearly wrong." See note 1, supra. By way of summation, Airway added after the three numbered points, "That collectively, the Honorable Trial Court erred in not granting Airway's Motion for Judgment Non Obstante Verdicto [sic]." It is clear that the alleged "collective" error relates to the three preceding "weight and preponderance" points of error. No other reasons are stated or argued as to why the trial court erred in not granting Airway's motion for judgment non obstante. No argument was made in support of the validity of that motion. Indeed, the motion was not again referred to in the appellant's brief. Airway simply did not bring forward its trial court argument that the motion should have been granted because controlling facts excluding coverage had been conclusively proven as a matter of law.

We have carefully examined the statements and arguments under the three points and find that they relate so directly to weight and preponderance of the evidence that it is impossible to treat them as

also presenting "no evidence" or as "established as a matter of law" points as now urged by Airway Insurance. Conflict in some of the evidence is obvious enough that the attorney for Airway could have intentionally receded to "weight and preponderance" points and a prayer for remand rather than rendition. Under Point One in the court of civil appeals, complaining of the jury's "finding that Robert Charles Denton did not have possession of the aircraft under a bailment, conditional sale or purchase agreement." Airway Insurance merely argued that "the possession factors are evidenced by the following:"

"1. That the aircraft was left in Roswell where Denton was;

2. That the keys were left inside the aircraft, and it was left unlocked;

3. That Denton had exercised control over the aircraft, by accepting the responsibility of securing its hangaring; and

4. That Henry had accepted Plaintiff's Exhibit B [promissory note] for the full purchase price of the aircraft."

Airway made no assertion or argument that the above "possession factors" were undisputed or conclusively established as a matter of law. Actually, part of 3 and all of 4 were disputed by the testimony of Hank Henry. Under this point there was a one sentence argument that "borrowing" a plane to try it out for purchase constitutes a bailment for mutual benefit, but there was no contention that the evidence conclusively showed a loan of the plane. Based upon alleged delivery of the plane to Denton, which was a disputed fact, a brief argument was made that Denton had possession under a conditional sale. Finally, a single sentence was devoted to Airway's contention that the "Buyer's Order" constitutes a "purchase agreement" because it "specifically recites: 'Please accept my offer to purchase the airplane,' and it is signed by 'Robert C. Denton.'" Airway did not note that the offer was not signed or

accepted by or on behalf of the owner. Argument under this point was concluded with the statement: "Since the jury only had to find possession *alternatively* under a 'bailment,' 'conditional sale,' or 'purchase agreement,' the facts, no matter how construed, show possession and fit into one of these three (3) categories." Airway did not assert that the evidence showing possession in either of these three categories was undisputed or conclusively proven as a matter of law. As heretofore indicated, neither did Airway assert that the trial court erred in overruling its motion for judgment non obstante for any of the reasons set forth in its argument under Point One.

Significantly, at the end of the argument under Point One, as well as the other points, Airway prayed that the point of error "should be sustained . . . and this cause [be] reversed and remanded." A remand is the relief usually sought by a party who complains of "factual insufficiency." A prayer for rendition, with a proper procedural basis therefor, usually indicates that the complaint relates to "no evidence" or "established as a matter of law" points. Calvert, 38 Texas L.Rev. at 362 and 372. Thus, the thrust of the argument and the relief sought under Point One are clearly predicated upon the jury finding being against the weight and preponderance of the evidence rather than any error of the trial court as a matter of law in overruling Airway's motion for judgment non obstante.

Under Point Two there is a statement that "the uncontroverted testimony of Mr. Henry establishes a conversion," but that alone was not a controlling issue which would have entitled Airway Insurance to a judgment. It concerned an issue which was conditionally submitted and unanswered by the jury.

Under Point Three there is a statement that Mr. Henry's testimony on the question of the pilot's license, "being wholly inconsistent . . . reflects there is in essence no other evidence, and his opinions, if any, based on hearsay, reflect there is in essence no other evidence, either direct or indirect, to overcome the proof on 'no license' as established by Def's Ex. 1." Yet, Airway Insurance concludes the argument under this point with the statement: "That Def's Ex. 1 coupled with Mr. Henry's testimony at his deposition, even though somewhat retracted at trial, show the jury's findings are against the overwhelming weight and preponderance of the evidence as to be clearly wrong." As heretofore indicated, no complaint was made under this point of the trial court's action in overruling Airway's motion for judgment non obstante, and the prayer thereunder is for a remand rather than rendition.

We find that Airway's arguments and prayers for relief are entirely consistent with the statement of its points as complaints that the jury findings were against the great weight and preponderance of the evidence. In this connection we find no argument in the court of civil appeals under which we could hold that the appeal was based upon an alleged error of the trial court in overruling Airway's motion for judgment non obstante veredicto because of "no evidence" or because the evidence "was conclusively established as a matter of law" on controlling issues.

Since Airway Insurance filed no motion for new trial and its points of error, as stated and argued, possessed all of the characteristics of factual "weight and preponderance" points, the court of civil appeals properly held that it was without jurisdiction to consider the appeal.

Accordingly, the judgment of the court of civil appeals is affirmed.

Dissenting Opinion by SAM D. JOHNSON, J.

SAM D. JOHNSON, Justice (dissenting).

This dissent is respectfully submitted. The majority opinion raises a simple ques-

tion. What purpose is served by denying Airway's appeal when this court, the court of civil appeals, and the opposing party obviously understand the grounds of the appeal? Unfortunately, this question is left unanswered by the majority opinion.

The beginning point for analyzing the problem presented by the instant case is Rule 422, Texas Rules of Civil Procedure, which provides:

> "The purpose of briefs being to acquaint the court with the points relied upon, the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same, a substantial compliance with these rules will suffice in the interest of justice; but for a flagrant violation of the rules the court may require the case to be re-briefed."

This court has long held that in applying our liberal briefing rules courts should look to the statement and argument under a point of error in determining the adequacy of such point. In *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), this court stated:

> "Our present briefing rules were adopted for the purpose of simplifying the briefing of cases so that greater attention will be devoted to the presentation of the merits of the appeal, and less attention given to the mechanics of the brief. . .
> If a 'point' is sufficient to direct the Court's attention to the matter complained of, the Court will look to the 'point' and the statement and argument thereunder to determine the question of reversible error. Simply stated, the Court will pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder."

We have looked to the statement and argument under points of error to determine whether they qualify as "no evidence points." *Gleason v. Davis*, 155 Tex. 467, 289 S.W.2d 228 (1956); *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286 (1951). In *Gleason* the court of civil appeals reversed and remanded on the ground that the appellant failed to present any no evidence points. The contention was made that the statement and argument under one of the appellant's points of error was sufficient to raise the question of no evidence. The *Gleason* court, after reviewing the holdings in *Fambrough* and *Woodward*, concluded that the point of error "together with the statement and argument thereunder in appellant's brief in the Court of Civil Appeals were sufficient to present the point of 'no evidence.'"

The liberal briefing rules embodied in Rule 422 and applied by this court in *Fambrough, Woodward*, and *Gleason* recognize that a party's appeal should not be frustrated needlessly because of a technical error committed by his attorney. Our rules do not require that appellate courts brief cases for the parties; they merely obligate the courts to consider appeals that are presented in reasonably understandable fashion. Rule 418(b), Texas Rules of Civil Procedure, provides that points of error "will be sufficient if they direct the attention of the court to the error relied upon and they should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief." According to Rule 422, if an appellant fails to comply with these requirements, the court of civil appeals may require that the case be re-briefed.

In the instant case it is undoubtedly true that the points of error stated in the appellant's brief are improper. First, the appellant did not have a separately numbered point of error complaining of the overruling of its motion for judgment *non obstante veredicto*. Instead, the appellant inserted directly beneath its numbered points the following statement:

> "THAT COLLECTIVELY, THE HONORABLE TRIAL COURT ERRED IN

NOT GRANTING AIRWAY'S MOTION FOR JUDGMENT NON OBSTANTE VERDICTO [sic]."

A second and more critical defect in the points of error was that they did not correspond to the matters stated in the motion for judgment *non obstante veredicto*. The motion for judgment *non obstante veredicto* stated that the applicability of the three policy exclusions was established as a matter of law, while the points of error stated that the jury findings regarding the policy exclusions were against the great weight and preponderance of the evidence.

In *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (Tex.1960), this court held that if an appellant files a motion for judgment *non obstante veredicto* but not a motion for new trial, his points of error on appeal must be predicated on matters stated in the motion for judgment *non obstante veredicto*. Since in the instant case the appellant's points of error were not predicated on matters stated in the motion for judgment *non obstante veredicto*, the central issue is whether the arguments under the points of error were sufficient to cure the defects in the points. If the thrust of the arguments under the points of error was that the policy exclusions were established as a matter of law, then the improper wording of the points of error should not be fatal.

Contrary to the conclusion drawn by the majority, the arguments in the appellant's brief clearly contend that the exclusions in the insurance policy were established as a matter of law. Each of the appellant's three points of error referred to one of the three policy exclusions that it relied upon in its motion for judgment *non obstante veredicto*. The arguments presented under the first and third points of error are considered below. The arguments pertaining to the second point of error are not considered because they relate to the conditional jury issue that was not answered.

*First Point of Error.* In its abbreviated argument under this point the appellant cited cases which suggest that the relationship between Henry and Denton constituted a bailment or a conditional sale as the courts have defined such terms. The appellant further argued that the buyer's order executed by Denton constituted a purchase agreement. The conclusion drawn was stated succinctly:

> "Since the jury only had to find possession *alternatively* under a 'bailment', 'conditional sale', or 'purchase agreement', the facts, no matter how construed, show possession and fit into one of these three (3) categories."

Instead of attempting to determine the thrust of the appellant's arguments under its first point of error, the majority has proceeded to evaluate the appellant's arguments. This was the task of the court of civil appeals. Our task is merely to determine whether the appellant was arguing that the policy exclusions were established as a matter of law. This is different from deciding whether the evidence relative to the policy exclusions was conclusively established. Accordingly, the following statements in the majority opinion are beside the point:

> "Airway made no assertion or argument that the above 'possession factors' were undisputed or conclusively established as a matter of law. Actually, part of 3 and all of 4 were disputed by the testimony of Hank Henry."

And:

> "Finally, a single sentence was devoted to Airway's contention that the 'Buyer's Order' constitutes a 'purchase agreement' . . . . Airway did not note that the offer was not signed or accepted by or on behalf of the owner."

The fact that some of the "possession factors" were disputed has no bearing on whether the appellant was arguing that the exclusion was established as a matter of law. It was not necessary that the appellant expressly state that the "possession

factors" were conclusively established; the appellant obviously assumed throughout its argument that the various "possession factors" were conclusively established. Similarly, the fact that the buyer's order was not signed or accepted may be a reason for holding that it did not constitute a "purchase agreement," but the appellant may nevertheless have been arguing that the buyer's order constituted a "purchase agreement" as a matter of law.

The majority in effect concludes that the policy exclusion pertaining to bailments, conditional sales, and purchase agreements was not established as a matter of law; its analysis sheds little light on what the appellant was actually arguing. A fair reading of the appellant's argument under its first point of error clearly reveals that the appellant was arguing the law rather than the facts.

*Third Point of Error.* With regard to the exclusion for nonlicensed pilots, Airway obtained a Record of Diligent Search from the FAA indicating that Denton did not have a pilot's license of any kind. Henry admitted in a pretrial deposition that his own investigation satisfied him that Denton was not licensed. At trial Henry hedged on this question saying, "Some said he had it and some said he didn't." In its argument under this point of error the appellant stressed that the FAA Record of Diligent Search indicating that Denton did not have a pilot's license was admissible and that it established prima facie the applicability of the policy exclusion pertaining to unlicensed pilots. The appellant further contended that Henry's equivocal statement that "[s]ome said he had it [the pilot's license] and some said he didn't," did not constitute any evidence to the contrary because the statement was hearsay and inconsistent with Henry's earlier deposition. The following sentence summarized the appellant's position:

"In the instant case, the testimony of Mr. Henry, as respecting the question of Mr.

Denton's license, being wholly inconsistent, as reflected hereinabove, reflects there is in essence no other evidence, and his opinions, if any, based on hearsay, reflect there is in essence no other evidence, either direct or indirect, to overcome the proof on 'no license' established by Def's Ex. 1."

Although the majority opinion cites the above sentence, it concludes that the appellant's argument refers to an "insufficiency point" because in wrapping up the argument it stated:

"That Def's Ex. 1, coupled with Mr. Henry's testimony at his deposition, even though somewhat retracted at trial, showed the jury's findings are against the overwhelming weight and preponderance of the evidence as to be clearly wrong."

It is not surprising that the conclusion was stated in the above manner. Based on the points of error in the appellant's brief it is evident that its attorney misinterpreted the distinction in terminology between "no evidence points" and "insufficiency points." By ignoring the thrust of the appellant's argument and simply relying upon the above conclusion, this court retreats from the salutary rule established in *Fambrough, Woodward,* and *Gleason.* It is undeniable that the thrust of the argument under the third point of error was that the policy exclusion pertaining to unlicensed pilots was established as a matter of law.

Having demonstrated that the appellant's points of error, as interpreted in light of the arguments in its brief, were preserved by the motion for judgment *non obstante veredicto,* it is necessary to consider the other defect in the points of error; namely, the absence of a separately numbered point complaining of the overruling of the motion for judgment *non obstante veredicto.* Immediately following the appellant's points of error was this statement:

"THAT COLLECTIVELY, THE HONORABLE TRIAL COURT ERRED IN

NOT GRANTING AIRWAY'S MOTION FOR JUDGMENT NON OBSTANTE VERDICTO [*sic*]."

The statement referred to each of the appellant's numbered points of error with the result that each point of error complained of the trial court's denial of the motion for judgment *non obstante veredicto*. The inclusion of this statement at the end of the points of error was unconventional but it was also unmistakable in its meaning. Moreover, if the court of civil appeals felt that the appellant's statement of its points of error was confusing or uncertain, it could and it should have required that the case be rebriefed rather than dismissing the appeal. The rebriefing procedure in Rule 422 is designed to assure compliance with briefing rules, such as Rule 418(b), pertaining to points of error, without unduly penalizing a party by dismissing his appeal. Rebriefing would have been particularly appropriate in the instant case because the defects were in the points of error rather than the appellant's argument. By requiring rebriefing, the court of civil appeals might have eliminated the defects in the points of error that precluded its consideration of the appellant's argument.

The majority seems to conclude that the appellant did not bring forward a point of error complaining of the overruling of the motion for judgment *non obstante veredicto*. The majority overlooks that the arguments in the appellant's brief were in substance virtually identical with the arguments presented in the motion for judgment *non obstante veredicto*. In light of these arguments and the quoted statement immediately following the points of error, it is clear that the appellant did bring forward points of error complaining of the overruling of the motion for judgment *non obstante veredicto*.

The majority concludes that the appellant's points of error should be treated as "insufficiency points" because the procedural relief requested was a remand rather than rendition. However, it has never been held that a court may refuse to consider an appeal because the appellant requested the wrong procedural relief. It is well settled that under certain circumstances a court of civil appeals may remand a case after sustaining a no evidence point. *Lanford v. Smith*, 128 Tex. 373, 99 S.W.2d 593 (1936). Furthermore, there is absolutely no support for the majority's conclusion in *Fambrough, Woodward* or *Gleason*. Those cases merely held that courts should look to the argument under a point of error; nothing was said about the importance of the procedural relief requested.

What becomes clear is that the majority opinion is not supported by any sound rationale and it deserts the well-considered rules announced in *Fambrough, Woodward,* and *Gleason*.