NO. 07-01-0325-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 7, 2001

______________________________

IN RE ARTHUR CARSON, RELATOR

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Arthur Carson, an inmate proceeding 
pro se
 and 
in forma pauperis
, has filed a petition for writ of mandamus naming as respondents Jill Zimmer, Court Reporter of the 320th District Court of Potter County, Kevin Kennedy, Assistant Attorney General, and the judge of the 320th District Court, whom he contends is unknown because he failed to identify himself for the record at a hearing on a “motion to dismiss and motion to determine that Petitioner is a vexatious litigant.”  Under applicable principles of law, the petition for writ of mandamus must be dismissed for want of jurisdiction.

An original proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure.  Relator's petition does not comply with that rule.  Also, this Court only has authority to issue writs of mandamus agreeable to the principles of law regulating those writs against district and county court judges within our judicial district.  Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 1999).  Regarding Jill Zimmer and Kevin Kennedy, we have no jurisdiction to issue a writ of mandamus against them.  Further, although this Court has jurisdiction to issue a writ of mandamus against a district judge, relator asserts that the respondent judge’s name is “unknown”.  
See
 
generally
 Lanford v. Smith, 128 Tex. 373, 375, 99 S.W.2d 593, 594 (1936) (holding that petition for writ of mandamus rendered fatally defective for failing to name real parties in interest).  Consequently, relator's petition for writ of mandamus is dismissed for want of jurisdiction.

Don H. Reavis

    Justice

Do not publish.