NO. 07-06-0309-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2008

______________________________

SAN ANTONIO AEROSPACE, L.P., APPELLANT

V.

GORE DESIGN COMPLETIONS, LTD., APPELLEE

_________________________________

FROM THE 45TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2003-CI-13979; HONORABLE RICHARD E. PRICE, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, San Antonio Aerospace, L.P. (SAA), appeals a judgment resulting from answers to jury questions in favor of appellee, Gore Design Completions, L.T.D. (Gore), awarding 
quantum meruit
 damages to Gore in the sum of $172,000 plus attorney fees, while denying any recovery to SAA on its counterclaims.  We modify the judgment and affirm, as modified.

Factual and Procedural Background

SAA hired Gore as a subcontractor to remove and reinstall the interior of a VIP MD-11 aircraft for $860,000.  Pursuant to the “Work Schedule,” at Exhibit A-2 of the contract, Gore was to have completed the reinstallation by June 9, 2003.  
Subsequent to the initial contract being executed, a change of scope agreement was entered whereby Gore was to receive an additional $61,000 to operate and maintain a storeroom in which all of the removed aircraft parts were to be stored. 

Delays occurred when the aircraft and parts needed for reinstallation were not made available to Gore.  As a result of the delays, Gore encountered additional and unexpected expenses.  Gore requested additional compensation from SAA by way of a work change order.  SAA refused Gore’s request for a work change order.  As a result of this conflict, Gore withdrew from the project and filed suit claiming breach of contract by SAA and requesting contractual damages or, alternatively, damages for 
quantum meruit.  
SAA answered and filed a counterclaim alleging that Gore had breached the contract by abandoning the project.  SAA also claimed that it had been damaged by the unjust enrichment of Gore and by expenses suffered when Gore abandoned the project. 

The jury heard evidence from Gore that its 
quantum meruit
 claim was for $84,045.  Additionally, the jury heard evidence that the total value of the contract to Gore was $921,000.  SAA presented evidence that it had been damaged in the amount of $238,900.  After the close of evidence, the jury returned a verdict finding 1) Gore had performed compensable work; 2) the value of Gore’s compensable work was $921,000; 3) Gore was not unjustly enriched to the detriment of SAA; 4) SAA breached the contract; 5) SAA unreasonably refused Gore’s request for a work change order; 6) Gore breached the contract; 7) SAA breached the contract first; 8) Gore’s breach of the contract was excused by SAA’s prior breach; 9) SAA’s breach was not excused; 10) no damages to SAA for Gore’s breach; 11) the amount of Gore’s attorney fees; 12) Gore did not stop work because SAA failed to pay invoices or acknowledged amounts when due; 13) the causes of the delays in completion of the reinstallation work; and 14) the amount of SAA’s attorney fees.

By five issues, SAA contends that 1) the evidence was legally insufficient to support the award of $172,000 in 
quantum meruit
 damages to Gore; 2) the award of attorney fees to Gore was error because there was no legal basis for Gore to recover attorney fees; 3) SAA proved its entitlement to $238,000 in damages from Gore as a matter of law; 4) SAA should have been awarded attorney fees because it was entitled to judgment as a matter of law; and 5) a conditional issue that Gore was not entitled to recover under a contract theory.

Legal Sufficiency of the Evidence 

SAA initially posits that there is no evidence to support the jury’s damage award of $172,000.  In answering the questions submitted, the jury found that the reasonable value of compensable work performed by Gore was $921,000.  According to SAA’s analysis, the jury’s $172,000 award to Gore is the difference between what Gore was paid, $749,000, and the total value of the contract, including managing the storeroom, $921,000.  However, SAA contends that Gore cannot be entitled to the full value of the contract when Gore has admitted that it did not fully perform.

Standard of Review

Initially, we observe that the allegation that there is no evidence to support the damage award is analyzed as an attack on the legal sufficiency of the evidence.  
Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.
, 766 S.W.2d 264, 275 (Tex.App.–Amarillo 1988, writ denied).  In reviewing a verdict for legal sufficiency, we are required to credit evidence that supports the verdict, if reasonable jurors could, and disregard contrary evidence, unless reasonable jurors could not.  
Kroger Tex. Ltd. P’ship v. Suberu
, 216 S.W.3d 788, 793 (Tex. 2006) (
citing
 
City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005)).  A challenge to the legal sufficiency of the evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not amount to more than a scintilla of evidence.  
Id
.  Evidence that is so weak as to do no more than create a mere surmise or suspicion that a fact exists does not exceed a scintilla of evidence.  
Id
. (
citing
 
Ford Motor Co. v. Ridgway
, 135 S.W.3d 598, 601 (Tex. 2004)).

Analysis

A review of the record reveals that, from the outset, Gore claimed that its action was  for 
quantum meruit
 and not based upon the total value of the contract.  This was Gore’s position in opening arguments and was continued by the testimony of Gore’s president and its chief financial officer.  In each instance, the witnesses calculated the damages to Gore to be $84,045.  Our review of the record reveals that the only basis for the jury’s $172,000 damage award to Gore is subtracting the $749,000 that SAA paid Gore from the $921,000 total value of the contract.  However, as SAA contends, Gore is not entitled to the full contract value because it did not fully perform.  That Gore did not fully perform was also recognized by the trial court’s instruction to the jury that Gore had not substantially completed the work on the aircraft.  As a result, there is no evidence supporting the jury’s $172,000 award.  Accordingly, we reverse the trial court’s judgment in regard to the
 quantum meruit
 damages suffered by Gore.

However, this does not end our inquiry about this matter.  The next issue we must determine is whether the case should be remanded back to the trial court, judgment should be rendered by this court, or judgment should be reformed to reflect what the trial court should have done.  Texas Rule of Appellate Procedure 43.3 mandates that, when reversing a trial court’s judgment, we must render the judgment that the trial court should have rendered unless a remand is necessary for further proceedings or the interest of justice requires remand for another trial.  
Tex. R. App. P. 43.3
.  In the case at bar, the issue of Gore’s 
quantum meruit 
claim was fully developed.  Gore argued for 
quantum meruit
 relief in opening statements, produced evidence to support the claim, and argued for it in closing arguments.  Additionally, the court submitted the proper jury instructions and questions to obtain a jury finding on 
quantum meruit
 damages.  Because the case has been fully developed, we must enter the judgment that the trial court should have entered.  
Id
.; 
Lanford v. Smith
, 128 Tex. 373, 99 S.W.2d 593, 594 (1936).  Cases suggesting that the applicable Court of Appeals should have remanded for new trial have involved situations where the evidence was not fully developed to support the rendered judgment or the court’s charge did not properly instruct the jury.  
See
 
Arthur Anderson & Co. v. Perry Equip. Corp.
, 945 S.W.2d 812, 814 (Tex. 1997) (charge failed to properly instruct the jury on the proper measure of damages); 
Wright v. Sport Supply Group, Inc.
, 137 S.W.3d 289, 299 (Tex.App.–Beaumont 2004, no pet.) (evidentiary record not fully developed to permit rendition).  Inasmuch as the jury was properly charged in this case and the evidence of  Gore’s 
quantum meruit
 claim was fully developed, we render judgment that Gore recover the sum of $84,045 from appellee.  

Attorney Fees to Gore

SAA’s second issue attacks the award of attorney fees to Gore.  However, SAA’s issue is premised upon SAA’s assertion that Gore was not entitled to any damages.  As demonstrated in the previous section, Gore is entitled to judgment for $84,045 for  services performed.  The testimony at trial was that the attorney fees requested by Gore were reasonable and necessary to present Gore’s 
quantum meruit
 claim and, therefore, the award is affirmed.  
Cordova v. Sw. Bell Yellow Pages, Inc.
, 148 S.W.3d 441, 446 (Tex.App.–El Paso 2004, no pet.).

SAA’s Damages For Overpayment of Gore

By its third issue, SAA contends that it proved that it overpaid Gore as a matter of law and, therefore, the trial court committed reversible error in failing to grant judgment in favor of SAA accordingly.  SAA asks this court to set aside the jury’s answers to questions 2 and 3.  The jury’s answer to question 2 was the subject of SAA’s first issue and that matter has been decided adversely to SAA.  

In regard to the jury’s answer to question 3, when an appellant attacks the legal sufficiency of the evidence supporting an adverse jury finding upon which the appellant has the burden of proof, the appellant must demonstrate on appeal that the evidence conclusively establishes all vital facts in support of the issue.  
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 241 (Tex. 2001).  In reviewing an attack on a jury answer as a matter of law, we must first examine the record for evidence that supports the finding, while ignoring all contrary evidence.  
Id
.  If there is no evidence to support the finding, we must review the entire record to determine if the contrary position has been established as a matter of law.  
Id
.  For these purposes, a proposition has been established as a matter of law when a reasonable fact finder could draw only one conclusion from the evidence presented.  
See
 
City of Keller
, 168 S.W.3d at 814-16. 

Analysis 

By its answer to jury question 3, the jury found that Gore was not unjustly enriched  to the detriment of SAA.  Under the applicable standard of review, we must disregard evidence that is contrary to the jury’s finding if there is evidence that supports the finding.  Gore’s president testified that SAA received $749,000 in value for the $749,000 it paid.  Therefore, there was some evidence to support the jury award of $0.00 on question 3.  
Dow Chem. Co.
, 46 S.W.3d at 241.  Inasmuch as there was some evidence to support the jury’s answer, we need not conduct any further review of the evidence.
(footnote: 1) 
Id
.  Accordingly, SAA’s third contention is overruled.

Attorney Fees to SAA

The next issue is the trial court’s failure to award attorney fees to SAA.  SAA’s request for attorney fees is predicated upon being the prevailing party.  
Tex. Civ. Prac. & Rem. Code Ann
. § 38.001  (Vernon 2005).  However, we have determined that the evidence supported a $0.00 answer as to jury question 3 and, therefore, SAA was not the prevailing party.  Accordingly, SAA is not entitled to an award of attorney fees.

Conditional Issue

Finally, SAA’s conditional fifth issue need not be considered as we resolved the first issue based on 
quantum meruit
 and not contract. 

Conclusion

We modify the trial court’s judgment to award Gore $84,045 as 
quantum meruit
 damages and, as modified, affirm the judgment.

Mackey K. Hancock

         Justice 

FOOTNOTES
1:
SAA’s proof centered around the number of hours Gore worked on the project times the hourly rate various SAA officers testified was standard for Gore’s type of work.  However, SAA’s theory regarding the answer to question 3 ignores the fact that Gore’s witnesses consistently pointed out to the jury that the contract involved was a fixed price contract and, as such, the calculations on an hourly basis were immaterial.  It was the jury’s prerogative to accept or reject this conflict in the evidence. 
City of Keller
, 168 S.W.3d at 819.